**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **JOEY LEONARD BARKER,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-0827-A |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Joey Leonard Barker, TDCJ #1036034, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In April 2000, Barker was charged by indictment with sexual assault of a child, J.H, in Cause

No. 8094 in the 355th Judicial District Court of Hood County, Texas. *Ex parte Barker*, Application No. WR-50,277-02, at 29. The indictment also included an enhancement notice alleging a previous felony conviction for forgery. *Id.* On March 12, 2001, Barker entered pleas of guilty to the offense and not true to the enhancement allegation to a jury. (4Reporter's R. at 131.) On March 15, 2001, after a punishment hearing, the jury assessed Barker's punishment at twelve years' confinement. *Id.* at 30. The Second District Court of Appeals of Texas affirmed the trial court's judgment on July 3, 2003, and, on March 31, 2004, the Texas Court of Criminal Appeals refused Barker's petition for discretionary review. *Barker v. Texas*, No. 2-01-258-CR, slip op. (Tex. App.–Fort Worth July 3, 2003) (not designated for publication); *Barker v. Texas*, PDR No. 1967-03. Barker did not seek writ of certiorari. (Petition at 3.)

Barker has filed two state applications for writ of habeas corpus. The first was dismissed because his direct appeal was still pending. *Ex parte Barker*, Application No. 50,277-01, at cover. The second was denied without written order on April 6, 2005. *Ex parte Barker*, Application No. WR-50,277-02, at cover. Barker filed this federal petition for writ of habeas corpus on December 12, 2005.

D.  ISSUES

In one ground, Barker contends he received ineffective assistance of counsel because counsel failed to investigate the case and interview witnesses, coerced him into pleading guilty even though he did not know he was committing a criminal offense, failed to explain things to him, and failed to have him examined to determine his mental competency to stand trial. (Petition at 7; Pet'r Reply at 2.)

E.  RULE 5 STATEMENT

Dretke contends that Barker has failed to exhaust his state remedies as to one or more of his claims as required by 28 U.S.C. § 2254(b)(1)(a). However, having reviewed the state court record, it appears Barker's claims were sufficiently exhausted.

F.  DISCUSSION

*1. Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct, unless the applicant rebuts the presumption

3

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to the presumption of correctness. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

2. *Ineffective Assistance*

Barker contends he received ineffective assistance of counsel because counsel failed to investigate the case and interview witnesses, coerced him into pleading guilty even though he did not know he was committing a criminal offense, failed to explain things to him, and failed to have him examined to determine his mental competency to stand trial.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To the extent Barker claims counsel was ineffective prior to his guilty plea, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). To the extent Barker claims counsel was ineffective during the punishment phase, he must demonstrate that the sentence he received would have been "significantly less harsh" but for the deficient performance of his attorney. *See Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir.1993). Among the relevant factors the court must consider are: (1) the sentence imposed in the case; (2) the minimum and maximum sentence allowed by law; (3) the placement of the sentence within the

4

allowable range; and (4) any mitigating or aggravating factors considered by the trier of fact. *Id.* at 88-89

In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

In the state habeas proceeding, the same trial judge found there were no controverted, previously unresolved issues of fact material to the legality of Barker's conviction and recommended denial of habeas relief. *Ex parte Barker*, WR-50,277-02, at 26. In turn, the Texas Court of Criminal Appeals considered and rejected Barker's claims without written order. *Id*. at cover. If the state courts do not articulate the constitutional standards applied, as here, a federal habeas court may assume that the state courts applied correct standards of federal law to the facts in the absence of evidence that an incorrect standard was applied. *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). Additionally, a federal habeas court may imply fact-findings from the state courts' disposition of a federal claim that turns on the factual issue. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Farmer v. Caldwell*, 476 F.2d 22, 24 (5th Cir. 1973); *Dempsey v. Wainwright*, 471 F.2d 604, 606 (5th Cir. 1973).

Applying these principles to Barker's ineffective assistance claims, this court cannot say that

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

he has demonstrated substandard representation or coercion on the part of counsel or that there is a reasonable probability that, but for counsel's alleged acts or omissions, his sentence would have been less harsh.

Barker argues that trial counsel was ineffective by failing to investigate his case and interview witnesses. Counsel has a duty to conduct a reasonable pretrial investigation into the facts of a criminal case, which might necessarily include reviewing the documents filed in the case, interviewing potential witnesses, and conducting discovery. *See Strickland*, 466 U.S. at 691. There was no hearing on Barker's state writ application. Thus, the record is silent as to the nature and extent of counsel's pretrial investigation into Barker's case. Nevertheless, Barker fails to show with specificity what a more thorough investigation by counsel would have revealed and how it would have aided or altered the defense strategy or the outcome of his trial. *See United States v. Green*, 882 F.2d 999, 1002-03 (5th Cir. 1989). Nor does he assert that counsel was aware of but failed to interview specific individuals, what the substance of their testimony would have been and whether it would have been favorable to the defense, or that they would have been available and willing to testify at trial. *See Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001).

Barker contends counsel was ineffective because counsel failed to explain what was being said in court and coerced him into pleading guilty by telling him he would not serve any time. (Pet'r Reply at 3.) Nothing in the record supports these assertions. To the contrary, Barker testified that he knew he was going to the penitentiary for the crime and that he pled guilty because he had sex with J.H, whom he loved, had a baby with, and planned to marry. (5Reporter's R. at 148.) A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect. *James v. Cain*, 56 F.3d 662, 666 (5th

Cir. 1995).

Barker contends counsel was ineffective by failing to have him examined for competency to stand trial. The test for deciding competence is whether, at the time of trial, the defendant (1) has sufficient ability to consult with his attorney with a reasonable degree of rational understanding, and (2) has a rational as well as factual understanding of the proceedings against him. *See Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996); *Godinez v. Moran*, 509 U.S. 389, 396-400 (1993); *Drope v. Missouri*, 420 U.S. 162, 171-72 (1975); *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir. 1990). Barker presents no evidence, and nothing in the record suggests, that he did not have sufficient present ability to consult with his attorney with a reasonable degree of rational understanding as a result of a learning disability, mental defect, or physical condition, or that he did not have a factual understanding of the proceedings against him at the time of trial. Barker did testify that he under a doctor's care and taking medication, but he further testified that the medication he was taking would not affect his ability to answer questions. (5Reporter's R. at 112.)

Barker has offered nothing more than his unsubstantiated allegations concerning counsel's representation and influence on his decision to plead guilty, which are insufficient to rebut the presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy and that the state courts' adjudication of Barker's claims is correct. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on critical issues in his pro se petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## II. RECOMMENDATION

Barker has failed to satisfy the legal standard for habeas corpus relief set forth above, and his petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 14, 2006.  Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 14, 2006, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 24, 2006.

     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE